technical objection that he was plaintiff. (if that had been the case.) But as he is not plaintiff, we can see no interest whatever that can exclude him from being a witness.

Samuel Hanson, a notary-public, being called, produced a book which he called a register of protests, in which was an entry of his having called on Forrest upon the 9th of February, for payment, and testified that he was sure that the entry was correct; that it was made at the time in his handwriting, and had not been altered; but he had otherwise no recollection of the fact.

THE COURT admitted his testimony as competent to prove the fact of the demand. Bill of exceptions taken.

THE COURT decided that as the 7th of February was the last day of grace, and the 8th was Sunday, payment of the note ought to have been demanded of Forrest on the 7th, and a demand on the 9th, was too late, all the parties living in the same town.

THE COURT also decided that any subsequent acknowledgments or promises made by the defendant under an ignorance of the fact of such neglect of demand or of the law arising upon such neglect, were not obligatory.

THE COURT also decided that, they would not reconsider now the questions of law, decided in the case of O'Neale now before the supreme court, and refused to give the like instructions as in that case.

THE COURT, (Monday, June 12th, DUCKETT, Circuit Judge, absent,) was of opinion, that if the defendant indorsed the note as surety for Forrest, as to any part of the amount of the note, he was entitled to strict notice as indorser, although he was interested separately in part of the note, and that the plaintiff could not recover unless he proved a demand on U. Forrest before the 9th of February.

But if the defendant was jointly interested with Forrest, in the property, to relieve which from forfeiture the note was given, then the defendant was not entitled to notice, being as much the principal debtor as U. Forrest.

———

THORNTON (WALLIS v.). See Case No. 17,111.

———

## Case No. 14,001.

### THORNTON v. WASHINGTON.

[3 Cranch, C. C. 212.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

JUSTICE OF PEACE — APPEAL — DISTRICT OF COLUMBIA.

No appeal lies from the judgment of a justice of the peace, unless the "debt or demand" exceed the sum of five dollars.

Appeal from the judgment of a justice of the peace for a penalty of five dollars, for

not registering a dog, according to the by-law of the corporation of Washington, of 1st of April, 1820. Burch, Dig. p. 83, § 20.

The appeal was dismissed by THE COURT without costs, (nem. con.) no appeal being given by the seventh section of the act of congress [2 Stat. 239], unless "the debt or demand doth exceed the sum of five dollars."

———

THORNTON (WITHERS v.). See Case No. 17,918.

———

## Case No. 14,002.

### In re THORP.

[2 Ware (Dav. 290) 294; [1] 4 N. Y. Leg. Obs. 377.]

District Court, D. Maine. June 12, 1846.

BANKRUPTCY—FUNDS IN ASSIGNEE'S HANDS—INTEREST—WHEN CHARGEABLE—PROFITS.

1. The principles on which courts of equity charge trustees, assignees, and executors with interest on trust money in their hands, are, that they have either used it in their own business, or improperly neglected to invest it.

2. Where there has been gross neglect, the court will sometimes make annual rests and charge them with compound interest.

3. If the trustee use trust money in trade, it is a breach of trust, and he will be charged with all the profit he has made, but if there has been any loss, that must be borne by himself.

[Cited in Re Newcomb, 32 Fed. 828.]

4. Under the bankrupt law [of 1841 (5 Stat. 440)], assignees are chargeable with interest on all money which they have collected, if not paid into the registry within sixty days after it is received.

In this case, objections were made by True, the only creditor who had proved a debt, to the allowance of some of the charges of the assignee for his personal services; and he also asked, in his petition, that the assignee might be charged with interest on the amount in his hands, from the time that the money was received until it was paid into the registry. The case was submitted, without argument, on the statement of the assignee.

WARE, District Judge. The objections of the creditor to the charges of the assignee, I feel no difficulty in overruling. It appears, from his statement, that he had considerable difficulty in disposing of the property. He obtained an authority, in the first instance, to sell by auction. But having reason to believe that a combination was formed between the bankrupt and his neighbors, to prevent competition at the sale, for the purpose of allowing the property to go back to the bankrupt at a nominal price, he applied to the court and obtained authority to sell at private sale. Under this authority, he sold the property, which was a small piece of land and all the assets of the bankrupt, for 75 dollars, which was believed to be a fair price. The assignee appears to have act-

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Edward H. Daveis, Esq.]